<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL PAUL MCDANIEL, | : | Civil No. 08-0978 (JAP) |
| Plaintiff, | : |  |
| v. | : | <u>OPINION</u> |
| N.J. STATE PAROLE BD., et al., | : |  |
| Defendants. | : |  |

**APPEARANCES:**

    MICHAEL PAUL MCDANIEL, #201206C
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey  07065
    Plaintiff <u>Pro</u> <u>Se</u>

    KIMBERLEY M. WILSON, Assistant City Attorney
    R. DENISE LYLES, City Attorney
    City of Trenton, Department of Law
    319 East State Street, Room 300
    Trenton, New Jersey 08608
    Attorneys for Defendant Louis S. Sancinito

    DONALD L. BEEKMAN, Esq.
    BEEKMAN & BEEKMAN, LLC
    P.O. Box 395
    Ocean Grove, New Jersey 07756
    Attorneys for Defendant Megan L. Lynch

    LINDA GRASSO JONES, Esq.
    CLEARY, ALFIERI & JONES
    P.O. Box 533
    Matawan, New Jersey 07747
    Attorneys for Defendant Peter A. Elmer

**PISANO**, District Judge.

Michael Paul McDaniel, an inmate who is presently confined at East Jersey State Prison, filed a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, against 43 government entities and employees.  See McDaniel v. New Jersey State Parole Board, Docket No. MID-L-10200-07 (N.J. Super. filed Dec. 4, 2007).  Defendant Louis S. Sancinito, who received a copy of the Complaint on January 23, 2008, removed the action to this Court by filing a notice of removal with the Clerk of this Court on February 21, 2008, giving written notice of removal to Plaintiff Michael Paul McDaniel, and filing of copy of the notice of removal with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County.[1]  Having thoroughly reviewed the allegations set forth in the Complaint, pursuant to the requirements of 28 U.S.C. § 1915A(a), the Court will dismiss the Complaint without prejudice to the filing of an amended complaint which complies with the Federal Rules of Civil Procedure.

## I.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires this Court, prior to docketing or as soon as practicable after docketing, to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The PLRA requires the Court to identify cognizable claims and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which

---

[1] Defendant Louis S. Sancinito paid the $350.00 filing fee to the Clerk of this Court on February 21, 2008.

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Twp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004). However, a court should not dismiss a complaint with prejudice without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-11 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, _ U.S. _, _, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972); Stevenson v. Carroll, 495 F. 3d 62, 65-67 (3d Cir. 2007). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Nevertheless, Rule 8(a) of the Federal Rules of Civil Procedure governs a complaint brought by a pro se plaintiff.  See Erickson, 127 S. Ct. at 2200.  Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In addition, Rule (8)(d)(1) requires each allegation to be simple, concise, and direct.  See Fed. R. Civ. P. 8(d)(1); see also Erickson, 127 S. Ct. at 2200 ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citations and internal quotation marks omitted).

## II.  DISCUSSION

The Complaint in this case is 17 pages, single-spaced, handwritten, and presents 16 "counts."  Plaintiff brings these claims against 43 persons or entities who had some role in his confinement or criminal prosecution, including state and county corrections officers, parole board members, judges, prosecutors, prison administrators, county freeholders, medical providers, and more.  The rambling and sometimes illegible Complaint charges some defendants with fabricating documents in his parole file, others with using excessive force, others with improperly deducting money from his inmate account, others with failing to prosecute public officials, others with denying medical care, and so on.  The Complaint presents legal conclusions as facts, and fails to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2); see also McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel); Salahuddin v. Cuomo, 861 F. 2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth

4

numerous causes of action, and numbering 15 pages and 88 paragraphs); Burks v. City of Philadelphia, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (striking pleading which represented a "gross departure from the letter and the spirit of Rule 8(a)(2)" for failure to contain short and plain statement of claims).  This Court will accordingly dismiss the Complaint for failure to comply with Rule 8(a)(2).  The dismissal is without prejudice to the filing of an amended complaint, within 30 days of the date of the entry of the Order accompanying this Opinion, which sets forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

  Plaintiff is cautioned, however, that if he elects to file an amended complaint, then the amended complaint must also comply with Rule 20(a)(2) of the Federal Rules of Civil Procedure, which limits the joinder of defendants, and Rule 18(a), which governs the joinder of claims.  See Fed. R. Civ. P. 18(a), 20(a)(2).  Rule 20(a)(2) provides:  "Persons . . . may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A) and (B).  Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Wright & Miller's treatise on federal civil procedure explains that, where multiple defendants are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action.  It is not concerned with joinder of claims, which is

> governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil 3d §1655; see also United States v. Mississippi, 380 U.S. 128, 143 (1965) (where county registrars were alleged to be carrying on activities that were part of a series of transactions or occurrences the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)); Ross v. Meagan, 638 F. 2d 646, 650 n.5 (3d Cir. 1981), overruled on other grounds by, Neitzke v. Williams, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

In this case, Plaintiff may not name more than one defendant in his amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact. See Fed. R. Civ. P. 20(a)(2). As the United States Court of Appeals for the Seventh Circuit recently explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless he or she satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation

6

> Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007).

### III.  CONCLUSION

For the reasons set forth above, the Court will dismiss the Complaint because it does not comply with Rule 8(a)(2).  The dismissal is without prejudice to the filing of an amended complaint which complies with Rules 8(a)(2) and 20(a)(2), within 30 days of the date of the entry of the Order accompanying this Opinion.[2]


      /s/ Joel A. Pisano
      **JOEL A. PISANO, U.S.D.J.**

Dated: March 25, 2008

---

[2] Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action [but o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.  In the event that Plaintiff improperly joins defendants in an amended complaint contrary to Rule 20(a)(2), this Court will drop the defendants who are not properly joined pursuant to Rule 21, without prejudice to Plaintiff's bringing one or more new actions against the improperly joined defendant(s).  Plaintiff is reminded that, because while incarcerated, Plaintiff has had at least three prior civil actions dismissed by this Court as frivolous, malicious, or for failure to state a claim upon which relief may be granted, he may not proceed in forma pauperis in this Court unless the complaint shows that Plaintiff is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g); McDaniel v. Lakewood, Civ. No. 01-4817 (AET); McDaniel v. Turnbach, Civ. No. 01-3902 (MLC); McDaniel v. State of New Jersey, Civ. No. 01-5105 (MLC); McDaniel v. Turnbach, Civ. No. 03-4740 (MLC).